# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**ADAM BATISTE III #636791**          **CASE NO.  6:18-CV-01601 SEC P**

**VERSUS**                            **JUDGE JUNEAU**

**WARDEN VANNOY**                     **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Before this Court is a petition for writ of habeas corpus filed by pro se petitioner Adam Batiste ("Batiste"), an inmate in the custody of Louisiana's Department of Corrections.  [Rec. Doc. 1]   Petitioner attacks his 2015 conviction for Second Degree Murder and subsequent life year sentence imposed thereon by the 15th Judicial District Court, Lafayette Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.     Background

#### a.  Conviction and Direct Appeal

The factual background, as summarized by the Louisiana Third Circuit Court of Appeal, is as follows:

> On January 16, 2013, the defendant Adam Batiste, III called 911 and requested help for his girlfriend, Gabriella Spencer, stating that she had fallen in the shower, was not responsive, and was barely breathing. When the fire department arrived, they saw that Ms.

> Spencer appeared to have been severely beaten and summoned the police. Ms. Spencer was taken to the hospital where it was determined she also suffered from a subdural hematoma which caused her death shortly thereafter. The defendant was subsequently arrested for the second degree murder of Ms. Spencer.

*State v. Batiste*, 15-1008 (La. App. 3 Cir. 04/16/16), 189 So.3d 580, 518-82.

On March 22, 2013, Petitioner was indicted for the second-degree murder of Ms. Spencer and was found guilty as charged by a jury on May 1, 2015. On May 6, 2015, he was sentenced to life imprisonment without the benefit of parole, probation or suspension of sentence.

Through counsel, Mr. Chad M. Ikerd, Louisiana Appellate Project, he appealed his conviction and sentence raising two assignments an error. First, he argued that the State failed to negate the reasonable hypothesis that Ms. Spencer's injuries were accidentally self-inflicted when she fell in the shower and, alternatively, that her injuries were caused by some unknown person who beat her up in the days leading up to her death. Petitioner's second assignment of error was that trial counsel was ineffective for failing to object to the testimony regarding the blood found in the bathroom and the bedroom. On April 6, 2016, the Louisiana Third Circuit Court of Appeal affirmed Petitioner's conviction and sentence. *Id*. On September 6, 2017, the Louisiana Supreme Court denied writs. *State v. Batiste*, 224 So.3d 980 (La. 2017).

### b. State Collateral Review

Petitioner did not seek post-conviction relief.  See Rec. Doc. 1.

### c. Habeas Application

On December 10, 2018, the instant petition for habeas relief was filed in this Court, asserting the following claims for relief: (1) insufficient evidence; and (2) ineffective assistance of trial counsel in failing to object to the use of the blood evidence.  Following an initial review of his petition, the undersigned found that these claims had been exhausted, as they were considered on direct appeal by the Louisiana Supreme Court.  However, we instructed Batiste to amend his petition to address its timeliness.  [Rec. Doc. 7].

Petitioner, complying with this Court's order, filed a response asserting that his petition is timely, as it was given to the classifications officer for filing on December 5, 2018.  [Rec. Doc. 8] According to petitioner, he was not notified of the Louisiana Supreme Court's September 6, 2017 denial of his direct appeal until he consulted an attorney in September 2018.  He argues that three months was not a sufficient amount of time to prepare an application for post-conviction relief so, out of an abundance of caution, he timely filed a "shell petition" in this Court, hoping to stay his federal habeas proceedings while he proceeds in the state court on collateral review of additional claims.  *Id*.

## II.    Law and Analysis

### a. Limitations

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th

Cir.1998)).  Federal courts may raise the one-year time limitation sua sponte. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The Louisiana Supreme Court denied petitioner's application for review on September 6, 2017.  Petitioner did not seek further direct review in the United States Supreme Court.  Accordingly, the judgment of conviction and sentence became final for AEDPA purposes 90 days after the Louisiana Supreme Court denied writs on direct review, on December 5, 2017, "... the expiration of the time for seeking [further] direct review..."  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari."  Thus, the AEDPA limitations period began to run on December 5, 2017, and petitioner had one year, or until December 5, 2018, to file his petition in this Court.

Petitioner asserts that he gave his petition to the classifications officer for filing on December 5, 2018.  He claims this is evidenced by the "draw slip" attached as an exhibit to his filing.  [Rec. Doc. 8, p. 3] However, the Offender Funds Withdraw Request submitted by petitioner is clearly dated December 6, 2018.  [Rec. Doc. 8-1] Accordingly, the petition was filed one day after the AEDPA statute of limitations expired on December 5, 2018.  Although petitioner's delay was not lengthy, "the magnitude of [a petitioner's] tardiness" is not a proper consideration in determining the timeliness of a federal habeas application. *See Lookingbill v.*

5

*Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day nevertheless renders a federal petition untimely); *see also In re Lewis*, 484 F.3d 793, 796 (5th Cir. 2007) (authorization to file a successive habeas application denied because it was filed one day too late).  The petition is untimely.

### b.  *Equitable Tolling*

The Supreme Court has established the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511.

Accordingly, Batiste must first demonstrate that he exercised diligence in pursuing his federal rights. *Holland*, 130 S. Ct. at 2562; *Mathis*, 616 F.3d at 474. "The diligence required for equitable tolling purposes, however, is 'reasonable diligence, not maximum feasible diligence.'" *Mathis*, 616 F.3d at 474 (*quoting Holland*, 130 S. Ct. at 2565).

6

To determine whether petitioner exercised reasonable diligence in pursuing his claims, we begin with a consideration of whether he did, in fact, not receive notice of the Louisiana Supreme Court's denial of his writ until September 2018. Petitioner attaches as Exhibit "A" to his response to this Court's order to amend, the log of all legal mail he signed for from June 2015 through February 2019.  [Rec. Doc. 8-1, pp. 2-4] The log establish that he received no legal mail in 2017 and no mail from the Louisiana Supreme Court Clerk in 2018, which would include any notice from the Louisiana Supreme Court that his writ was denied in September 2017.  In light of this evidence, the Court will accept that petitioner first learned that conviction was final in September 2018, when he was informed by counsel.

To be entitled to equitable tolling, however, petitioner must demonstrate that he pursued the habeas corpus relief process with diligence and alacrity both before and after receiving notification that his state application was denied. *Williams v. Thaler*, 400 Fed.Appx. 886 (5th Cir. 201) (citing *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). "In previous cases considering the diligence of prisoners who received delayed notice of the denial of their state habeas applications, we have emphasized that petitioners must be diligent in obtaining the status of their state habeas applications so that they may properly ascertain when the AEDPA statute ceased to toll." *Williams*, *citing Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010); *Hardy*, 577 F.3d at 599-600.

7

The Fifth Circuit instructs that we are to be mindful of the dangers of creating a rule regarding the specific timeframe in which a petitioner must inquire regarding the status of his state filings in order to demonstrate diligence.    Rather, the circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling. *Id.; see also Fisher v. Johnson*, 174 F.3d at 713 ("[E]quitable tolling does not lend itself to bright-line rules."); *Holland*, 130 S. Ct. at 2563 (noting "equity's resistance to rigid rules").

The circumstances in the case before this Court do not demonstrate that petitioner acted diligently in pursuing his rights after receiving notification from the state court.  He asserts that he did not learn that his direct appeal had been denied by the Louisiana Supreme Court until September 2018.   After receiving notice, however, he delayed filing his federal habeas petition for three months.  Moreover, he did not wait three months because he was preparing a well-reasoned brief.  To the contrary, he admits that he filed a "shell petition" in this Court, also asking this Court to stay the habeas proceedings until he was able to file an application for post-conviction relief in the state court.

In *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999), the petitioner received late notice that his state habeas petition was denied and once he received notice, delayed filing his federal habeas claim for six months. *Id*. The court noted that the

8

petitioner should have attempted to "expeditiously file his federal habeas petition upon receiving notice that his state petition had been denied;" absent a reason for the delay, the court found that the circumstances did not warrant equitable tolling. *Id*.; compare *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (Once the petitioner received late notice that his state habeas claims were denied, he acted with diligence and alacrity to file an out-of-time appeal within three days and a petition for a writ of habeas corpus within one month of notice). In *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2013), the Fifth Circuit held that the petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition."

Because Batiste waited three months to file a petition, this Court finds he did not pursue his habeas claims with diligence. Moreover, while he was not legally required to file an earlier "protective" federal habeas corpus application in order to show that he was acting with diligence, see *Palacios v. Stephens*, 723 F.3d 600, 607-08 (5th Cir. 2013), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2000), such a filing would have protected him from the running of the limitations period, and his failure to do so also weighs against a finding of equitable tolling in this case. *Id*. Accordingly, petitioner should have, at the very least, filed his "shell" habeas petition once he came to the realization in September 2018 that the Louisiana Supreme Court had denied review of his direct appeal. The fact that he waited three

months to file his petition negates a finding that he acted with "diligence and alacrity."

The Fifth Circuit Court of Appeals has held that "equity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 403. In this case, petitioner failed to pursue his claims with diligence; therefore, equitable tolling should not apply in his case.

### III.    Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.   See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2).

In Chambers, Lafayette, Louisiana, July 24, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**